UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JON CUDDEBACK, an individual, ) | |
| ) | CASE NO. C16-1214 RSM |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT |
| v. ) | NORTHWEST TRUSTEE SERVICES'S |
| ) | MOTION TO DISMISS |
| SELECT PORTFOLIO SERVICING, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. | |

THIS MATTER comes before the Court on Defendant Northwest Trustee Services, Inc.'s ("NWTS") Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. Dkt. #10. Plaintiff has failed to respond to the motion. Under this Court's Local Civil Rules, "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). The Court considers Plaintiff's failure to respond to be such an admission in this case.

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the Court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual

ORDER
PAGE - 1

matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the complaint, the Court may consider documents for which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court has previously taken judicial notice of, and continues to consider herein, the documents set forth in support of former Defendants' (Select Portfolio Servicing and U.S. Bank N.A.) motion to dismiss. *See* Dkt. #7, Exs. 1-10. The Court also takes judicial notice of the documents filed in support of the instant Defendant's motion to dismiss. Dkt. #10, Exs. A-G. The Court agrees that judicial notice of those documents is appropriate because the documents presented are matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

A review of the record in this matter reveals the following. On or about November 17, 2006, Plaintiff executed an Adjustable Rate Note in the amount of $704,000.00, payable to Washington Mutual Bank, FA. In conjunction with the Note, Plaintiff executed a Deed of Trust in favor of Washington Mutual Bank, FA, and providing as collateral for the Note certain real property located at 10011 128th Ave. NE, Kirkland, Washington 98033. *See* Dkt. #7, Exs. 1 and 2. The Trust Deed names Commonwealth Title as the Trustee and grants the Trustee the power of sale in the event of default. *Id.*, Ex. 2. The Trust Deed was recorded on December 1, 2006 under King County Auditor's No. 20061201002540. *Id.*

On or about November 24, 2010, JPMorgan Chase Bank, which had acquired loans and other assets from Washington Mutual, and as receiver for the Federal Deposit Insurance

Corporation, executed an Assignment of Deed of Trust memorializing the assignment of the Trust Deed to the Trust. The Assignment was recorded on December 6, 2010, as King County Auditor's No. 20101206001250. Dkts. #7, Ex. 3 and #10, Ex. A.

In 2010, Plaintiff defaulted on the Loan, and the Trust initiated a non-judicial foreclosure sale. Dkt. #7, Ex. 4. The 2010 Notice of Trustee's Sale references the parties to, and recording information of, the Deed of Trust and Assignment, and set a sale date of March 25, 2011. *Id*.

Plaintiff has been attempting to avoid foreclosure of his property ever since, primarily through a series of nefarious tactics known as "hijacking" bankruptcy cases in California and South Carolina.[1] Indeed, on March 24, 2011, the day before the scheduled trustee's sale, Plaintiff recorded a Quitclaim Deed to "Jon Cuddeback as trustor and Tracy Michael Wilkinson as co-trustee of the Jon Cuddeback Family Trust". *See*, Dkt. #10, Ex. B. Because Mr. Wilkinson had filed a bankruptcy in the Central District of California on March 22, 2011, the trustee's sale was postponed. On September 6, 2011, Mr. Wilkinson filed a Declaration in his bankruptcy matter stating that he did not know Mr. Cuddeback, he had no interest in the Property, he did not consent to the transfer, and he never accepted the delivery of the Quitclaim Deed. Dkt. #10, Ex. C. As a result, the Trust obtained relief from the bankruptcy stay on September 20, 2011

A trustee's sale was again scheduled. However, on November 30, 2011, Mr. Cuddeback recorded a second Quitclaim Deed granting the Property to "Jon Cuddeback as Trustee and Ganine Maria Arnold as co-trustee of the Jon Cuddeback Family Trust". Dkt. #10,

---

[1] *See*, *In re 4th Street East Investors, Inc*., 474 B.R. 709 (C.D. CA Bk., 2012) (explaining that "hijacked" or "dumping" cases are cases in which a transferor of property, acting without the debtor's participation or acquiescence, seeks to implicate the automatic stay for the transferor's own benefit by purporting to transfer property into a random bankruptcy estate, or by back-dating or falsifying a grant deed to make it appear that such a transfer has occurred).

ORDER
PAGE - 3

Ex. D. Because Ms. Arnold had an open bankruptcy case pending in the Central District of California, the trustee's sale was again postponed.

After Ms. Arnold's case was dismissed, Mr. Cuddeback filed a third Quit Claim Deed on March 24, 2011, to "Jon Cuddeback Trustee and Clayton Macaulay as co-trustee of the Jon Cuddeback Family Trust". Dkt. #10, Ex. E. Clayton Macaulay had an open bankruptcy case in the District of South Carolina Bankruptcy Court.

On May 21, 2012, Plaintiff filed a petition for protection under Chapter 13 of the bankruptcy code. Dkt. #7, Ex. 5 and Dkt. #1 at ¶ 19. That case was dismissed on October 5, 2012 as a result of Plaintiff's failure to file required documentation. Dkt. #7, Ex. 6.

On October 30, 2015, the Trust recorded an Appointment of Successor Trustee naming NWTS as Successor Trustee, and vesting NWTS with the powers of the original trustee. Dkts. #7, Ex. 7, #10, Ex. F and RCW 61.24.010(2). The Appointment of Successor Trustee was recorded under King County Auditor's No. 20151030001968. Dkt. #7, Ex. 7.

On May 18, 2016, NWTS set a trustee's sale for September 16, 2016. Dkts. #7, Ex. 8 and #10, Ex. G. Plaintiff then initiated this action on August 3, 2016. Dkt. #1. On or about September 16, 2016, Plaintiff again filed a petition for protection under Chapter 13 of the bankruptcy code.[2] Dkt. #7, Ex. 9. That case was dismissed on October 26, 2016, for failure to file required documentation. *Id.*, Ex. 10.

Here, taking the facts described above as true, and having reviewed the arguments asserted by Defendant NWTS, the Court finds no support for the claims alleged by Plaintiff. Plaintiff alleges, *inter alia*, that NWTS is in violation of the Real Estate Settlement Procedures Act's ("RESPA") loss mitigation rules apparently for an alleged "mishandling of his loan modification application and dual tracking regarding same." Dkt. #1 at ¶ ¶ 11-14. Plaintiff

---

[2] Plaintiff failed to inform the Court that he filed for bankruptcy while this matter was pending.

ORDER
PAGE - 4

complains that he has never been notified of the various transfers of his loans between companies, that he was never provided notice of a new Trustee, and that his loan modification paperwork has been "grossly mishandled." *Id.* at ¶ ¶ 16-17, 22-24 and 25-27. He also alleges that the successor Trustee was not appointed by the "present beneficiary" which results in violations of the Fair Debt Collection Practices Act ("FDCPA") and the Washington Consumer Protection Act ("CPA"), and therefore title should be quieted in his favor. *Id.* at ¶ ¶ 33-50.

For the reasons argued by NWTS in its motion, the Court agrees that Plaintiff's claims must fail as a matter of law because (1) NWTS is a non-servicer and therefore cannot be held liable for violations of 12 C.F.R. § 1024.42; (2) Plaintiff has failed to allege any facts showing that he has satisfied his obligations under the Deed of Trust, NWTS does not claim a current right to the Property, and Plaintiff has quitclaimed his interest in the Property to entities not named in this action; therefore, he has no valid quiet title claim; (3) NWTS is not a debt collector as defined by FDCPA and therefore Plaintiff has no valid FDCPA claim against NWTS; and (4) Plaintiff fails to allege any facts to support a claim for Declaratory relief against NWTS. *See* Dkt. #10 at 4-6.

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile. The Court can conceive of no possible cure for the deficiencies in Plaintiff's Complaint, particularly given the documentary evidence provided by the current and

ORDER
PAGE - 5

former Defendants in this action and the invalidity of Plaintiff's primary legal arguments as noted above.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Defendant's Motion to Dismiss (Dkt. #10) is GRANTED and all claims against Defendant NWTS are DISMISSED with prejudice.

2) This matter is now CLOSED.

DATED this 20th day of January 2017.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6